**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RASHEED GUMBS, | : | |
| Plaintiff, | : | Civil No. 06-2650 (JLL) |
| v. | : | |
| ADMINISTRATOR LYDELL B. SHERRER, et al., | : | **O P I N I O N** |
| Defendants. | : | |

**APPEARANCES:**

Rasheed Gumbs, Pro Se
#440871
Northern State Prison
4 Wing STGMU- Ad Seg
168 Frontage Road
Newark, NJ 07114

**LINARES, District Judge**

This matter comes before the Court on plaintiff Rasheed Gumbs's application for the appointment of pro bono counsel in the above-referenced civil rights case (docket entry 7). For the following reasons, the Court will deny the motion, without prejudice, and allow Plaintiff 30 days to file an amended complaint.

## BACKGROUND

On March 6, 2006, Plaintiff, along with three other inmates, submitted a civil rights complaint, alleging that they were subject to excessive force by correctional officers, in violation

of the Eighth Amendment to the United States Constitution.  On June 8, 2006, this Court issued an Opinion holding that joinder of the plaintiffs' claims was not appropriate, and ordered that a new case number be assigned to each individual plaintiff.  Each plaintiff was given 30 days to file the appropriate filing fee, or apply to proceed in forma pauperis, and to file an amended complaint asserting individual claims.

On July 28, 2006, Plaintiff Gumbs submitted a completed application to proceed in forma pauperis, along with an Application for Pro Bono Counsel.  In his application for counsel he states that as an inmate in the "4-wing" of Northern State Prison, there are harsher conditions than elsewhere in the prison and Plaintiff has no access to the law library.  He states: "I respectfully ask you to help us in getting our personal complaints together by assigning us an attorney.  Other than that there's no way possible for us to file separate complaints."

## DISCUSSION

Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*.  See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).  The plaintiff has no right to counsel in a civil case.  See id. at 153-54; Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

In evaluating a motion to appoint counsel, the court must first examine the merits of Plaintiff's claim to determine if it has "some arguable merit in fact and law." See Tunnell v. Gardell, 2003 WL 1463394 at * 1 (D. Del. Mar. 14, 2003)(Slip Copy)(citing Parham, 126 F.3d at 457)(other citations omitted). If the court is satisfied that the claim is "factually and legally meritorious," then the following factors must be examined: (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of a plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether a plaintiff can attain and afford counsel on his or her own behalf. See id. (citing Parham, 126 F.3d at 457-58; Tabron, 6 F.3d at 155-56, 157 n.5).

However, a court should also consider other factors, such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time. See Tabron, 6 F.3d at 157-58.

In the instant case, Plaintiff's complaint was recently docketed, and the named defendants have not yet been served. Further, while it appears from the face of the complaint that Plaintiff's claims may have merit, Plaintiff has not yet filed an

amended complaint asserting his individual claims. Thus, the factual and legal issues concerning Plaintiff's claims "have not been tested or developed by the general course of litigation, making [a number of factors] of Parham's test particularly difficult to evaluate." Chatterjee v. Philadelphia Federation of Teachers, 2000 WL 1022979 at *1 (E.D. Pa. July 18, 2000)(stating that unlike Parham, which concerned a directed verdict ruling, and Tabron, which involved summary judgment adjudication, plaintiff's claims asserted in complaint and motions "have barely been articulated" and have distinctive procedural posture).

With regard to the Tabron/Parham factors, the plaintiff has not demonstrated at this stage of proceedings, the complexity of legal issues, the degree to which factual investigation will be necessary, or that he will be in need of expert witnesses. Likewise, in the case at issue, the Court finds that the plaintiff is capable of presenting his claims at this early stage. He has presented to this Court without the assistance of counsel not only a Complaint, but a letter application for an extension of time (docket entry 4), the instant motion for appointment of counsel, and an application to proceed in forma pauperis. Plaintiff's allegation that he is denied access to the law library while housed in administrative segregation does not alter this Court's ruling, as the case is in the early stages of litigation, with Plaintiff's amended complaint asserting his

individual claims not yet filed, and Defendants not yet served. Plaintiff has been able to intelligently articulate his needs and correspond with the Court thus far. The Court will Order the Clerk to send to Plaintiff a blank form civil rights complaint, which should assist Plaintiff in filing his amended complaint.

The Court recognizes that issues may arise in the course of this litigation which may raise a question as to Plaintiff's need for counsel. In that case, the Court will consider a renewed motion for appointment of counsel. At this point in the litigation, however, the Plaintiff's motion for appointment of counsel will be denied, without prejudice.

The Court will grant Plaintiff a continuance to file an amended complaint, in accordance with this Court's June 8, 2006 Opinion and Order. However, if Plaintiff fails to file an amended complaint within 30 days from the date of entry of the attached Order, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**CONCLUSION**

For the foregoing reasons, Plaintiff's application for appointment of pro bono counsel will be denied, without prejudice to Plaintiff renewing his motion if the litigation proceeds. An appropriate Order accompanies this Opinion.

/s/ Jose L. Linares

DATED: September 6, 2006          UNITED STATES DISTRICT JUDGE