**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

RASHEED GUMBS,

Plaintiff,

v.

LYDELL B. SHERRER, ET AL.,

Defendants.

CIVIL ACTION NO. 06-2650 (JLL)

**OPINION**

**LINARES**, District Judge.

Plaintiff, Rasheed Gumbs, filed an initial Complaint in this action on June 15, 2006. On October 3, 2006, Plaintiff submitted an application to proceed in forma pauperis and filed an Amended Complaint against defendants Lydell B. Sherrer, Andre Graham, J. Strickland, Latasha Callaway, Javier Munoz, A. Horton, Jorge Facoa, Paul Guido, J. Richardson, and Constance Roberson (collectively, "Defendants"), alleging violations of 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiff has not filed any opposition to these motions, nor has the Court received any correspondence from Rasheed Gumbs since March 7, 2007 when he returned his summons.[1] The Court decides these motions without oral argument. Fed. R. Civ. P. 78. For the reasons set forth herein, Defendants' motion to dismiss Plaintiff's claims is granted as to defendants

[1] In their motion papers filed on April 27, 2007, Defendants included a Certification of Service, indicating that they had sent copies of the documents filed with the Court to Plaintiff at his address at the Northern State Prison by regular mail.

Callaway, Munoz, Facao, Guido, and Roberson and Defendants' motion for summary judgment is granted in favor of defendants Sherrer, Graham, Strickland, Horton, and Richardson.[2]

## I. Factual History

The facts set forth below are derived from Defendants' Statement of Material Facts. As Plaintiff never submitted an opposition to Defendants' motions or a counter-statement of material facts, the Court will accept the facts from Defendants' statement as true, with appropriate support in the record.

Plaintiff is a New Jersey State inmate, currently incarcerated at Northern State Prison ("NSP") in Newark, New Jersey. Stmt. of Facts ¶ 1. He is serving an eighteen-year maximum sentence for aggravated manslaughter and aggravated assault. Id. at ¶ 2. During the period of time relevant to the allegations in the Complaint, Plaintiff was housed in the Security Threat Group Management Unit ("STGMU"). See id. at ¶ 3. He remains there today. Id. at ¶ 1.

On September 14, 2004, a large group of NSP inmates, including Plaintiff, participated in a demonstration in the STGMU. Id. at ¶ 3. A number of corrections officers were sent to the STGMU to contain the disturbance. Id. The demonstration disrupted normal prison operations and required that the prison be shut down. Id.

Plaintiff was subject to disciplinary action based on his activity in the group demonstration. Id. at ¶ 4.

## II. Legal Standard

### A. Motion to Dismiss

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled.

---

[2] The Court has jurisdiction over these motions pursuant to 28 U.S.C. § 1331.

Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[3] See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1959 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236.

**B. Summary Judgment**

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file,

[3] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of fact compels a trial. Id. at 324.

In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings. See Celotex, 477 U.S. at 324. Further, the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

Where the non-moving party fails to file an opposition to a motion for summary judgment, "summary judgment, if appropriate, shall be entered against the [non-moving] party." Fed. R. Civ. P. 56(e). The failure of the non-moving party to respond to the summary judgment motion is not itself sufficient to justify the entry of summary judgment. See, e.g., Williams v. Santiago, No. 04-5097, 2006 WL 2786846, at *2 (D.N.J. Sept. 26, 2006) ("Plaintiff's failure to oppose summary judgment does not necessarily entitle Defendants to judgment in their favor . . . ."). The Court must still determine whether the moving party met its burden of proving that it is entitled to summary judgment. See Macias v. United States, No. 05-1445, 2006 WL

1843111, at *1 n.1 (D.N.J. June 30, 2006).

## III. Legal Principles

Plaintiff claims that Defendants, while acting under color of state law, violated his rights under 42 U.S.C. § 1983.[4] To prevail on a section 1983 action against an official in his or her individual capacity,[5] a plaintiff must prove both that the official was acting under color of state law[6] and that the official caused the deprivation of a federal right. West v. Atkins, 487 U.S. 42, 48 (1988); Shaw v.Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). The plaintiff's burden rests on the fact that section 1983 does not create any substantive rights, but rather furnishes a remedy to those persons, including prisoners, whose rights under Constitutional or federal laws have been violated. Hudson v. McMillian, 503 U.S. 1, 4 (1992); Morse v. Lower Merion School Dist., 132 F.3d 902, 907 (3d Cir. 1997).

---

[4] Section 1983 states in relevant part: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." 42 U.S.C. § 1983.

[5] Defendants assert that Plaintiff's complaint may not stand against them in their official capacities as they are not "persons" for purposes of claims brought under section 1983. Def. Mem. at 7-10. To the extent that Plaintiff brings his claims against Defendants in their official capacities, these claims are dismissed since Defendants cannot be sued in their official capacities under section 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Accordingly, the Court will only consider Plaintiff's claims against Defendants in their individual capacities.

[6] The "under color of state law" element of section 1983 is similar to the state action requirement of the Fourteenth Amendment in that it excludes merely private conduct from the parameters of section 1983. See, e.g., Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). This element in not in dispute.

**A. Eighth Amendment**

**1. Use of Excessive Force**

Plaintiff alleges that defendants Graham, Strickland, Callaway, Munoz, Horton, Facoa, Guido, Richardson and Roberson violated his constitutional rights by subjecting him to excessive force while incarcerated. Where a plaintiff is alleging that officers used excessive force while the plaintiff was incarcerated, the Court will evaluate such a claim under the Eighth Amendment.[7] See Hudson, 503 U.S. at 5; Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000). Eighth Amendment claims are subject to a subjective and objective test. See Hudson, 503 U.S. at 8. The threshold question the Court must answer on an excessive force claim is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm". Id. at 7. To determine the subjective culpability of the officers applying the force in the course of a prison security measure, a court may consider a number of factors, including: "the need for the application of force"; "the relationship between the need and the amount of force that was used"; "the extent of the injury inflicted"; "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them"; and "any efforts made to temper the severity of a forceful response". See Brooks, 204 F.3d at 106 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). In conducting this analysis, courts must be mindful that prison officials are required to "balance the threat unrest poses to inmates, prison workers, administrators and visitors against the harm inmates may suffer if guards use force". See Hudson, 503 U.S. at 6. A court's subjective evaluation of the conduct

---

[7] The Eighth Amendment prohibits the government from inflicting "cruel and unusual punishment". U.S. Const. Amend. VIII.

will also take into account the context in which the officers' use of force occurred, including a disturbance within the prison. See Whitley, 475 U.S. at 320-21.

In assessing the objective component of the claim, the court must determine whether an official "acted with a sufficiently culpable state of mind" and if the conduct comported with "contemporary standards of decency". Hudson, 503 U.S. at 8. A plaintiff is not required to make a showing that he sustained serious injuries from the use of excessive force to sustain an Eighth Amendment claim. Id.; Brooks, 204 F.3d at 107. A court will grant summary judgment if the evidence, viewed in the light most favorable to the non-moving party, "will support a reliable inference of wantonness in the infliction of pain". See Whitley, 475 U.S. at 322.

**2. Failure to Stop the Use of Excessive Force**

Plaintiff's section 1983 claim against defendant Sherrer for failing to protect him from the use of excessive force is a viable Eighth Amendment claim if defendant failed to "take reasonable steps to protect" Plaintiff when excessive force was being used against him. Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002); cf. Cuciak v. Hutler, No. 05-1121, 2005 WL 1140690, at *3 (D.N.J. May 13, 2005) (dismissing plaintiff's section 1983 Eighth Amendment failure-to-intervene claim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)). An officer who "fails or refuses to intervene when a constitutional violation . . . takes place in his presence . . . is directly liable under Section 1983". Smith, 293 F.3d at 650 (internal quotations omitted). Even where a defendant is an offending officer's superior, if the defendant failed to act when he had a "realistic and reasonable opportunity" to do so, a plaintiff may prevail on an Eighth Amendment claim. See id; Cuciak, 2005 WL 1140690, at *3.

### 3. Failure to Provide Medical Care

In construing Plaintiff's Complaint liberally as it must, Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Court recognizes Plaintiff's claims that defendant Graham and others violated his constitutional rights by depriving him of medical care after the purported use of excessive force. To prevail on this type of Eighth Amendment claim, a plaintiff must prove that officers exhibited a deliberate indifference to his serious medical needs. See Estelle, 429 U.S. at 105; Atkinson v. Taylor, 316 F.3d 257, 266 (3d Cir. 2003) ("Needless suffering resulting from a denial of simple medical care, which does not serve any penological purpose, is inconsistent with contemporary standards of decency and thus violates the Eighth Amendment").

## B. The Fourth Amendment and the Due Process Clause

Plaintiff predicates part of his section 1983 claims on an unreasonable search of his prison cell where his personal property was destroyed by defendants Graham, Strickland, Callaway, Munoz, Horton, Facoa, Guido, Richardson, and Roberson. It is well-established that prison inmates do not have a reasonable expectation against unreasonable searches within their cell. Hudson v. Palmer, 468 U.S. 517, 526 (1984). Thus, any such search of an inmate's prison cell does not violate the inmate's rights under the Constitution. See id. As long as an inmate has adequate post-deprivation procedures by which to remedy any deprivation of his personal property, a prison official's intentional destruction of an inmate's property does not constitute a violation of constitutional rights sufficient to satisfy a section 1983 claim. See id. at 533.

## C. Qualified Immunity

State officials are eligible for qualified immunity under section 1983 in certain

circumstances and, in such circumstances, are shielded from suit. See, e.g., Saucier v. Katz, 533 U.S. 194, 200-01 (2001); Wright v. City of Philadelphia, 409 F.3d 595, 599 (3d Cir. 2005). To determine whether an official acting under color of state law may claim qualified immunity, the court must undertake a two-fold inquiry: first, viewing the facts in the light most favorable to the party alleging the injury, the court must consider whether a constitutional right would have been violated on the facts alleged. Saucier, 533 U.S. at 200-01; see Wright, 409 F.3d at 600. If a defendant did not violate one of the plaintiff's constitutional rights, the defendant is entitled to qualified immunity and the court need not inquire further. Saucier, 533 U.S. at 201. If plaintiff proves such a violation, the court looks to whether the right was clearly established at the time of the violation. Saucier, 533 U.S. at 200-01; see Wright, 409 F.3d at 600. To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right". Saucier, 533 U.S. at 202 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)) (internal quotations omitted). Here, if Defendants violated such clearly establish constitutional or statutory rights, they are not entitled to qualified immunity. See, e.g., Wright, 409 F.3d at 599-600.

## IV. Discussion

### A. Officers Callaway, Munoz, Facoa, Guido and Roberson

Plaintiff alleges that defendants Callaway, Munoz, Facoa, Guido, and Roberson, among others, violated his constitutional rights by conducting a search of his cell with a "blatant and reckless disregard" for his personal property and by using excessive force against him during the alleged events of September 14, 2004. See Compl. Defendants assert that Plaintiff cannot state a

claim upon which relief should be granted against these defendants as they were not present. Defendants' Memorandum of Law in Support of the Motions to Dismiss and for Summary Judgment ("Def. Mem.") at 10-11. The group demonstration occurred at approximately 8:00 a.m. See Certification of Mark Johnson ("Johnson Cert.") at Ex. A (Special Report of Lt. Andre Graham). On September 14, 2004, defendant Facao worked from 2:00 p.m. until 10:00 p.m. Certification of Frank Ianco at ¶ 3.a. Defendant Guido was not at NSP on September 14, 2004, as he was on a "regular day off". Id. at ¶¶ 3.c. Defendants Munoz and Callaway likewise were not in the prison on this date as Officer Munoz was on sick leave, id. at ¶ 3.d., and Officer Callaway was not assigned to any housing unit in NSP on September 14, 2004, id. at ¶ 3.f. Officer Roberson was not employed by the Department of Corrections on September 14, 2004. See id. at ¶ 3.e. As Plaintiff cannot prove any set of facts on which relief could be granted against Officers Callaway, Munoz, Facoa, Guido, and Roberson as none were present for the events in question, the Court dismisses Plaintiff's claims against defendants Callaway, Munoz, Facao, Guido, and Roberson. See Fed. R. Civ. P. 12(b)(6).

**B. Lydell B. Sherrer**

Plaintiff's only allegations against defendant Sherrer are on the civil cover sheet to his complaint: he makes no mention of Mr. Sherrer in the body of his complaint. However, both because the Court must construe those allegations in Plaintiff's complaint liberally, see Estelle, 429 U.S. at 106, and because Defendants respond to Plaintiff naming Mr. Sherrer as a defendant, Def. Mem. at 19-22, the Court will address Plaintiff's claims against Mr. Sherrer.

Plaintiff alleges on his civil cover sheet that Mr. Sherrer both "responded to the scene . . .

where upon the plaintiff had pleaded for the defendant[']s assistance, and those plea[s] were ignored" and witnessed other defendants beating Plaintiff. Civil Cover Sheet at 4. According to Plaintiff's complaint, defendant Sherrer also instructed those other defendants named in the complaint to "[D]o what you have to do, but don't have too much fun!" Id.[8] Defendants assert that Plaintiff's allegations against Sherrer must be dismissed on grounds of respondeat superior. Def. Mem. at 19-22. Defendants do not directly address Plaintiff's allegation that Mr. Sherrer failed to protect him from the use of excessive force.

The only evidence pointing to Mr. Sherrer's involvement in the purported events of September 14, 2004 is a report by defendant Graham alleging that once the inmates involved in the demonstration had removed their handcuffs, refusing to be re-cuffed, Mr. Sherrer, among others, "attempted to reason with the inmates to no avail". Johnson Cert. at Exhibit A (Special Report of Lt. Andre Graham). Plaintiff did not submit any papers responding to Defendants' evidence, and is thus unable to prove that Mr. Sherrer failed to take reasonable steps to protect Plaintiff from the alleged excessive force used against him. Consequently, the Court grants summary judgment in favor of Mr. Sherrer on Plaintiff's section 1983 claim.[9]

---

[8] The Court recognizes that Plaintiff alleges the same set of facts against defendant Sherrer as does the plaintiff in Hudson, 530 U.S. 1, including the use of the exact phrase--"don't have too much fun", id. at 4.

[9] Because the Court has construed Plaintiff's Complaint liberally, it reviewed Plaintiff's allegations that defendant Sherrer failed to protect Plaintiff and addressed these allegations under the Eighth Amendment. Since the Court granted summary judgment as to defendant Sherrer on these grounds, the Court will not address Defendants' argument that the Court should grant defendant Sherrer summary judgment on grounds of respondeat superior.

**C. Lieutenant Graham and Officers Strickland, Horton, and Richardson**[10]

Plaintiff claims that Lieutenant Graham gave the instructions to the officers to use excessive force against him in the alleged events of September 14 and to conduct cell searches where Plaintiff's personal property was destroyed, supervised the use of excessive force and the searches, and used excessive force himself by spraying large quantities of chemical agent on Plaintiff. Plaintiff claims that Officers Strickland, Horton and Richardson used excessive force against him by beating him and conducted unreasonable searches of his cell where they destroyed his personal property.

As an initial matter, as Defendants cannot be held liable under the Fourth or Fourteenth Amendments for the search of Plaintiff's cell or for any destruction of property that occurred during the search, the Court dismisses Plaintiff's section 1983 claim premised on these allegations as to defendants Graham, Strickland, Horton and Richardson as Plaintiff cannot state a claim upon which relief can be granted.

Plaintiff's allegations of the use of excessive force against him, if taking in the light most favorable to him, evidence that Defendants violated one of his constitutional rights. Furthermore, such a right was clearly established at the time the conduct occurred. See Whitley, 485 U.S. at 321; Brooks, 204 F.3d at 106-09. Thus, Defendants are not entitled to qualified immunity from Plaintiff's section 1983 claims alleging excessive force.

Defendants maintain that they were required to use force against Plaintiff on September

---

[10] As the Court has dismissed all of Plaintiff's claims against defendants Callaway, Munoz, Facao, Guido, and Roberson, it will not address Plaintiff's section 1983 claims with respect to these defendants.

14, 2004 in order to quell a disturbance within the prison in which Plaintiff was involved. Def. Mem. at 11-19. The disturbance, according to Defendants, was a large-scale demonstration where at least thirty-one (31) prisoners had removed their handcuffs, refused to be re-cuffed, were chanting "Bloods Rule" and doing the "Blood dance". See Johnson Cert. at Ex. A (Special Reports of Sgt. A. Fleming, Sgt. Luis Soto, Lt. Andre Graham, Sgt. Andre Manning, and Sgt. J. Richardson). Defendants further present evidence that the inmates were "removed using the least amount of force necessary", id. (Special Report of Sgt. Andre Manning), and that Plaintiff sustained disciplinary action for his participation in the demonstration, id. (Disciplinary Reports of Daye and Richardson; Authorization for Prehearing Detention/Dry-Cell Placement). In essence, Defendants argue that they used force in a "good faith effort" to restore order to the prison--that they did not have a "culpable state of mind" when using force to maintain discipline. Plaintiff has not presented any evidence to the contrary, nor has he presented any evidence of any injuries he allegedly sustained during the purported activity. Consequently, the Court grants summary judgment to defendants Graham, Strickland, Horton, and Richardson on Plaintiff's section 1983 claims under the Eighth Amendment.[11]

## V. Conclusion

For the aforementioned reasons, the Court dismisses all of Plaintiff's claims against

---

[11] Defendants have not sufficiently briefed Plaintiff's claim that he did not receive adequate medical treatment after being beaten with "night sticks" and sprayed with "chemical agent". Ordinarily, the Court would direct Defendants to provide further briefing on this issue; however, in the absence of any evidence other than Plaintiff's allegation that he was "seen by a nurse . . . without receiving any further medical treatment," the Court will grant summary judgment to defendants Graham, Strickland, Horton, and Richardson on this aspect of Plaintiff's Eighth Amendment claim as well.

defendants Callaway, Munoz, Facoa, Guido, and Roberson pursuant to Fed. R. 12(b)(6); dismisses Plaintiff's section 1983 claim based on the Fourth and Fourteenth Amendment alleging unreasonable search and seizure against defendants Graham, Strickland, Horton, and Richardson; and grants summary judgment in favor of defendants Sherrer, Graham, Strickland, Horton, and Richardson on all of Plaintiff's remaining section 1983 claims against them.[12] Inasmuch as all of Plaintiff's claims have either been dismissed or resolved by way of Defendants' motion for summary judgment, this matter is hereby closed. An appropriate order accompanies this opinion.

Date: October 22, 2007

/s/ Jose L. Linares
United States District Judge

[12] Defendants argue that they are entitled to summary judgment on all of Plaintiff's claims based on Plaintiff's failure to exhaust his administrative remedies prior to filing his Complaint. Def. Mem. at 22-26. Because the Court has dismissed the claims as to certain defendants and granted summary judgment to the remaining defendants on Plaintiff's substantive claims, it will not address this procedural issue.